IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03145-PAB-MEH

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR AMTRUST BANK,

    Plaintiff,

v.

TERRANCE G. BROOM, an individual,
B&B APPRAISAL, INC., a Colorado corporation,
JOSEPH S. PACE, an individual,
JSP PROPERTIES AND APPRAISAL, a Colorado company, and
DOES 1 THROUGH 40, inclusive,

    Defendant.

---

### ORDER ON MOTION FOR ENTRY OF PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion for Entry of Protective Order [filed May 14, 2013; docket #37]. The motion has been referred to this Court for disposition. (Docket #38.) Defendants Joseph S. Pace and JSP Properties and Appraisals ("Pace Defendants") filed a Response to FDIC-R's (Plaintiff's) Motion for Protective Order ("Response"), and Defendants Terrrance G. Broom and B&B Appraisal, Inc. ("B&B Defendants") filed a Joinder in the Response in Opposition to Plaintiff's Motion for Protective Order. (Dockets ## 40, 41.) Oral argument would not materially assist the Court in adjudicating the motion. For the reasons stated herein, the Court **grants** the motion for entry of protective order and **denies** the request for sanctions.

**I.**    **Background**

In January 2008, Defendant Broom ("Broom") prepared an appraisal report for the real

property belonging to Howard Grace II and Patricia Grace (the "Graces"). (Docket #1 at 9, 17.) Broom's appraisal valued the property at $1,900,000 for Clarion Mortgage Capital Inc. ("Clarion"). *Id.* at 9. In March 2008, Defendant Pace ("Pace") prepared an appraisal for the same property for Clarion. *Id.* at 13. Pace's appraisal valued the property at the same amount, $1,900,000. *Id.* at 14.

Plaintiff initiated this action on December 3, 2012, alleging three claims - breach of contract, negligent misrepresentation, and professional negligence - regarding both the Broom appraisal and the Pace appraisal on the property owned by the Graces. (Docket #1). Plaintiff alleges that the appraisals were "negligently prepared and contained material misrepresentations." *Id.* at 7. In addition, Plaintiff alleges that "the two appraisals were not independent valuations of the property." *Id.* at 7.

This motion arises from the parties' unsuccessful efforts to reach an agreement regarding a stipulated protective order. (Docket #37 at 4.) Plaintiff requests protection from disclosure of "confidential borrower financial information contained in the records of the parties." *Id.* at 3. In particular, Plaintiff seeks a protective order limiting disclosure of such confidential information, including "social security numbers, private financial information such as tax returns, credit card account information, schedules of assets, financial and accounting records of nonparty businesses and credit reports of nonparties." *Id.* at 4.

Defendants respond urging the court to deny the motion for entry of protective order, asserting that there was an inadequate showing of "annoyance, embarrassment, oppression, undue burden or expense" for any protection. (Document #40 at 10.) In addition, Defendants allege that the privacy expectation of non-parties is not an appropriate basis to refuse disclosure. *Id.*

2

**II.     Discussion**

As stated, Plaintiff seeks protection from public disclosure of confidential information. (Docket #37 at 3.)   In addition to moving for a protective order, Plaintiff's motion also includes a request for sanctions pursuant to Rule 37(a)(5).   (Docket #37 at 6.)   If the motion is granted, Rule 37 sanctions would require the non-movant to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" under certain circumstances.   Fed. R. Civ. P. 37(a)(5).

   A.     <u>Protective Order</u>

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu,* 919 F.2d 130, 130 (10th Cir. 1990).   Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."   Fed. R. Civ. P. 26(c) (2008).   To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.   *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34 (1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery.   The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders").

A protective order may issue only upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."   Fed. R. Civ. P. 26(c).   The good cause standard of 26(c) is not met by conclusory statements.   *Klesch & Co. Ltd. v. Liberty Media Corp.,* 217 F.R.D. 517, 524 (D. Colo. 2003).   Instead, "the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury to that

moving party." *Id.* (citing *Exum v. United States Olympic Committee,* 209 F.R.D. 201, 206 (D. Colo. 2002)). As a general rule, the "good cause" calculation requires that the court balance "the [moving] party's need for information against the injury which might result from unrestricted disclosure." *Exum,* 209 F.R.D at 206 (citations omitted).

Plaintiff has made a threshold showing of good cause to believe that discovery will involve the disclosure of confidential information, including social security numbers, private financial information such as tax returns, credit card account information, schedules of assets, financial and accounting records of nonparty business, and credit reports of nonparties. (Docket #37 at 3-4.) Defendants argue that the characterization of documents as "sensitive" is conclusory and, therefore, does not meet the good cause requirement of Rule 26(c). (Docket #40 at 10.) However, "protective orders issued pursuant to Rule 26(c) are common in litigation to protect sensitive information exchanged during the course of discovery, particularly when the documents reflect confidential financial information." *Lando Equity Partner, LLC v. City of Colorado Springs, Colo.*, 259 F.R.D. 510, 515 (D. Colo. 2009). The court finds that the financial information as described by Plaintiff constitutes private, confidential information and the Graces have an expectation of privacy to such information.

Defendants assert that "the privacy expectation of non parties is not an appropriate basis to refuse disclosure or to prohibit dissemination to others." (Docket #40 at 10.) The Defendants cite *Exum v. U.S. Olympic Committee* to support this assertion. *Id.* However, the present case differs from *Exum* in that the Graces do have an expectation of privacy, whereas the third party in *Exum* did not have that expectation upon providing confidential information. *See Exum*, 209 F.R.D. at 207. Furthermore, as demonstrated by *Gillard v. Boulder Valley School District*, the

4

disclosure of confidential information regarding non-parties is an appropriate basis upon which to enter a protective order. 196 F.R.D. 382, 386 (2000).

Defendants assert that "[t]here is simply no showing of a 'clearly defined and serious injury' to the party (FDIC-R) seeking protection. Therefore, the motion should be denied." (Docket #40 at 10.) However, the Court should consider any privacy interests and whether the case implicates issues important to the public. *Lando Equity Partner,* 259 F.R.D. at 512. Due to the sensitive nature of confidential financial information of third parties, a privacy interest exists. (Docket #40 at 15.) Furthermore, the public interest is in the resolution of the case, not necessarily in the financial information of non-parties. *Id.* at 516. Financial information has been "characterized as confidential and [is] intended to remain so." *Id.* at 512. Therefore, the Plaintiff has made a showing of good cause to believe that discovery will involve the disclosure of confidential information, and a protective order is appropriate in this matter.

  B. <u>Proposed Protective Order</u>

Defendants raise no specific arguments regarding the protective order proposed by the Plaintiff (*see* docket #37-1), other than the Plaintiff does not identify who in particular will designate protected information as confidential. (Docket #40 at 12.) The Court finds the proposed order acceptable as drafted, except for two minor revisions. First, paragraph 6 containing language for inadvertent disclosure must comply with Fed. R. Evid. 502(b). Second, in paragraph 8, the party designating the information as confidential has the burden to prove the information is subject to the protective order and, thus, must be the party to file any motion seeking confirmation of such protection. This modification should provide the protection Defendants seek from any "haphazard" confidential designations. The Plaintiff shall modify its proposed

order in accordance with this order and submit the modified order in useable format (Word, Word Perfect) to the Court via email at hegarty_chambers@cod.uscourts.gov on or before July 10, 2013.

  C. <u>Request for Sanctions</u>

Fed. R. Civ. P. 26(c)(3) provides that, "Rule 37(a)(5) applies to the award of expenses" in connection with motions brought pursuant to Rule 26(c). The plain language of Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion is granted, or if the requested discovery is provided after the motion was filed,

> "the court *must,* after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees."

(emphasis added). Rule 37(a)(5)(A) also provides three exceptions, stating that the Court must not order costs or fees if: i) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" ii) "the opposing party's nondisclosure, response, or objection was substantially justified;" or iii) "other circumstances make an award of expenses unjust."

Plaintiff contends "[a]s the Pace Defendants have not advanced any proper basis for their refusal to permit entry of a protective order governing production of confidential materials in this action there can be no substantial justification for their conduct." (Docket #37 at 6.) Defendants justify their refusal by arguing that "FDIC-R has failed to demonstrate it is entitled to a protective order, much less sanctions for having to inappropriately seek protection." (Docket #40 at 13.) Given that the motion for protective order is granted, Rule 37(a)(5) requires the court to impose costs on the party whose conduct necessitated the motion, unless any of the possible exceptions apply.

First, Defendants do not dispute that Plaintiff attempted to confer with counsel for the Defendants regarding a stipulated protective order.  Therefore, the Court finds that Plaintiff made a sufficient effort to obtain the protective order before seeking relief from the Court, and the first exception does not apply.

Second, the Court considers whether the Defendants' opposition was substantially justified.  The issues raised in the Response are substantially justified based on the case law cited by Defendants.  Defendants cite *Exum* in support of their argument that protective orders cannot be entered for confidential information of non-parties.  (Docket #40 at 10.)  Though it is accurate that the outcome of *Exum* supports that conclusion, *Exum* is distinguished from this case in that this Court has determined the Graces have an expectation of privacy, but the Court in *Exum* found that the non-party did not.  Thus, the Court finds that Defendants' resistance to stipulating to a protective order without Court intervention is substantially justified.  The Court need not proceed to analyze the third possible exception.  Accordingly, this Court finds Defendants have advanced a proper basis for refusal to stipulate to a protective order, and the Court will not award costs and attorney's fees against them under Rule 37(a)(5).

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Entry of Protective Order [filed May 14, 2013; docket #37] is **granted** as specified herein and the request for sanctions is **denied**.  Plaintiff shall modify its proposed order in accordance with this order and submit the modified order in useable format (Word, Word Perfect) to the Court via email at hegarty_chambers@cod.uscourts.gov on or before July 10, 2013.

Dated at Denver, Colorado, this 8th day of July, 2013.

                BY THE COURT:

                *Michael E. Hegarty*

                Michael E. Hegarty
                United States Magistrate Judge