IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03145-PAB-MEH

FEDERAL DEPOSIT INSURANCE CORPORATION, receiver Amtrust Bank,

      Plaintiff,

v.

TERRANCE G. BROOM.,
B&B APPRAISAL, INC., a Colorado corporation,
JOSEPH S. PACE, an individual,
JSP PROPERTIES AND APPRAISAL, a Colorado corporation, and
DOES 1 THROUGH 40, inclusive,

      Defendants.

---

## ORDER ON MOTION TO COMPEL

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Compel [filed August 5, 2013; docket #46].   The matter is referred to this Court for disposition.   (Docket #47.)   The motion has been briefed to the extent required by law and this Court's rules.   For the reasons that follow, Plaintiff's motion is **granted**.

## I.   Background

In January 2008, Defendant Broom ("Broom") prepared an appraisal report for the real property belonging to Howard Grace II and Patricia Grace (the "Graces").   (Docket #1 at 9, 17.) Broom's appraisal valued the property at $1,900,000 for Clarion Mortgage Capital Inc.   (*Id.* at 9.) In March 2008, Defendant Pace ("Pace") prepared an appraisal report for the same property for Clarion.   (*Id.* at 13.)   Pace's appraisal valued the property at the same amount, $1,900,000.   (*Id.* at 14.)

1

Plaintiff initiated this action on December 3, 2012, alleging three claims -- breach of contract, negligent misrepresentation, and professional negligence -- regarding both the Broom appraisal and the Pace appraisal on the property owned by the Graces.  (Docket #1.)   Plaintiff alleges that the appraisals were "negligently prepared and contained material misrepresentations." (*Id.* at 7.)   In addition, Plaintiff alleges that "the two appraisals were not independent valuations of the property."  (*Id.* at 7.)

On July 12, 2013, the Court entered a protective order restricting disclosure of confidential information.   (Docket # 45.)

In this motion, Plaintiff seeks to compel Defendants Broom and B&B Appraisal, Inc. (the "B&B Defendants") to produce copies of appraisals and appraisal files of the subject property prepared for clients not involved in this case.   The Plaintiff contends that the Court's protective order preserves the confidentiality of the requested documents, and that the appraisals are plainly relevant.   The B&B Defendants counter that the requested appraisals are not discoverable, because they are confidential under federal law and irrelevant to this action.

## II.   Confidentiality

The parties do not dispute that the appraisal documents are confidential pursuant to the Uniform Standards of Professional Appraisal Practice ("USPAP"), or that the requested appraisals fall within the scope of the operative protective order in this case.   Instead, the B&B Defendants contend that they "would still be violating their duty to maintain confidentiality on behalf of their client by disclosing such information to the Court and the other parties in this action."  (Docket #48 at 6.)   The genuineness of the B&B Defendants' confidentiality concerns is significantly undermined by their inclusion of the requested appraisals in their Fed. R. Civ. P. 26(a)(1) Supplemental Disclosures.   Essentially, the B&B Defendants declare that they may use the very appraisals they claim are confidential to support their defenses.   *See* Fed. R. Civ. P. 26(a)(1)(i)

and (ii).

Nonetheless, in support of their position, the B&B Defendants rely on *U.S. v. 25.02 Acres of Land*, 495 F. 2d 1398 (10th Cir. 1974), a condemnation case in which the Tenth Circuit held that the trial court did not abuse its discretion in denying the discovery of appraisals prepared by the Government's expert witness on behalf of private owners of property in the vicinity of the subject property.   In *25.02 Acres*, however, condemnation proceedings and negotiations between similarly situated landowners and the government were ongoing, such that disclosure of the appraisals would have prejudiced the landowners.   *Id*. at 1403.   Additionally, in that case there was no protective order for the requested appraisals.   *Id*. at 1399-1400.

Here, the B&B Defendants claim no prejudice to outside parties comparable to the prejudice at issue in *25.02 Acres*.   Indeed, the B&B Defendants claim no specific prejudice and cite only the confidentiality duties mandated by USPAP.   However, "documents are not immune from discovery merely because they are subject to contracts requiring that they be maintained confidentially."   *Grynberg v. Total S.A.*, No. 03-CV-01280-WYD-BNB, 2006 WL 1186836, at *3 (D. Colo. May 3, 2006); *see also DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684-85 (D. Kan. 2004) ("[A] general concern for protecting confidentiality does not equate to privilege.   Thus information and documents are not shielded from discovery merely because they are confidential.").   Because the protective order addresses the B&B Defendants' confidentiality concerns and potential prejudice to outside parties, neither the USPAP nor *25.02 Acres* preclude production of the appraisals in this case.

## III.   Relevance

The scope of evidence that is subject to discovery under the federal rules is broad:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity

and location of persons who know of any discoverable matter.   For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.   Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (2013).   The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1).   *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

The Complaint alleges negligent misrepresentation and professional negligence in regard to the January 2008 appraisal prepared by the B&B Defendants.   (Docket #1 at 9-12.)   The four requested appraisals were prepared for the property on (1) June 12, 2002, (2) June 25, 2003, (3) October 17, 2005, and (4) September 17, 2008.   The B&B Defendants contend that the requested appraisals are irrelevant, because they "could not have [an] impact on the methodology used in the 2008 appraisal at issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence."   (Docket #48 at 7.)   Specifically, the B&B Defendants argue that the appraisals are inconsequential to the propriety of Broom's methodology and the reasonable value ascribed to the property in January 2008, because they were prepared too many years before or too many months after the January 2008 appraisal.   Despite these arguments, the B&B Defendants listed the appraisals in their Fed. R. Civ. P. 26(a)(1) Supplemental Disclosures and admitted that the appraisals "are relevant to the disputed facts alleged with particularity in the pleadings." (Docket #46-1 at 1.)

Under Fed. R. Civ. P. 26(b)(1), materials need only be relevant to the subject matter of the litigation to be discoverable.   *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343-344 (10th Cir. 1975).   Here, the subject matter of the litigation between the Plaintiff and the B&B Defendants is the 2008 property appraisals prepared by Broom; other appraisals of the same property prepared by Broom or another B&B employee are plainly relevant to Plaintiff's negligence claims.

4

"Evidence is relevant when its retrieval has the mere tendency to make the existence of any fact of consequence more or less probable." *Federal Deposit Ins. Corp. v. Wise*, 139 F.R.D. 168, 170 (D. Colo. 1991); *see also* Fed. R. Evid. 401(a).   The requested documents demonstrate the B&B defendants' methodologies, and consistency or divergence from the January 2008 appraisal.   This information has a tendency to make it or more or less probable that the January 2008 appraisal was a material misrepresentation and that the B&B Defendants failed to use reasonable care in preparing the January 2008 appraisal.   *See* Fed. R. Evid. 401(a).   Plaintiff's protestations are more properly reserved for cross-examination or arguments about the weight of the evidence.

Accordingly, the B&B Defendants have not established that the requested appraisals fall outside the scope of Fed. R. Civ. P. 26(a)(1).   Indeed, the B&B Defendants admitted that the appraisals were within the scope of relevance when listing them in their Fed. R. Civ. P. 26(a)(1) Supplemental Disclosures.   Defendants' inconsistent position in response to the Plaintiff's motion to compel is unconvincing.

## IV.    Sanctions

"The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).   In the event a motion to compel responses to discovery is granted, Rule 37(a)(5) requires, after an opportunity to be heard, "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).   The requirement of expenses is mandatory when applicable.   Here, the motion is granted and the Court finds that no exceptions listed in Rule 37(a)(5)(A) apply; therefore, the Court must award attorney's fees for the preparation of this motion to the Plaintiff.   Counsel for the Plaintiff shall prepare and file an affidavit in accordance with D.C. Colo. LCivR 54.3 on or before September 18, 2013, if Plaintiff

seeks an award of expenses.   Defendant may object to the reasonableness of the requested fee

award on or before October 3, 2013.

**V.**     **Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to

Compel [filed August 5, 2013; docket #46] is **granted**.

Dated at Denver, Colorado, this 5th day of September, 2013.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge