IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03145-PAB-MEH

FEDERAL DEPOSIT INSURANCE CORPORATION, receiver Amtrust Bank,

    Plaintiff,

v.

TERRANCE G. BROOM,
B&B APPRAISAL, INC., a Colorado corporation,
JOSEPH S. PACE, an individual,
JSP PROPERTIES AND APPRAISAL, a Colorado corporation, and
DOES 1 THROUGH 40, inclusive,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Plaintiff's Motion for Award of Expenses Incurred Regarding Defendant's [sic] Motion to Compel [filed September 18, 2013; docket #51] ("Motion for Award of Expenses"), and Defendants B&B Appraisal, Inc. and Terrance Broom's Combined Motion to Reconsider September 6, 2013 Order and Objection to Plaintiff's Motion for Award of Expenses Incurred Regarding Defendant's [sic] Motion to Compel [filed September 20, 2013; docket #53] ("Motion to Reconsider").  These motions have been referred to this Court for disposition [docket #54].  Oral argument would not materially assist the Court in adjudicating the motions.  For the reasons stated below, Plaintiff's Motion for Award of Expenses is **denied as moot**, Defendants Broom and B&B Appraisal, Inc.'s (the "B&B Defendants") Motion to Reconsider is **denied**, and Defendants' objections to Plaintiff's requested fee award are **sustained in part and overruled in part**.

### I. Background

Plaintiff initiated this action on December 3, 2012, alleging three claims -- breach of contract, negligent misrepresentation, and professional negligence -- regarding property appraisals. (Docket #1.) Plaintiff alleges that the appraisals were "negligently prepared and contained material misrepresentations." (*Id*. at 7.) In addition, Plaintiff alleges that "the two appraisals were not independent valuations of the property." (*Id*. at 7.)

On July 12, 2013, the Court entered a protective order restricting disclosure of confidential information. (Docket # 45.) On August 5, 2013, Plaintiff filed its Motion to Compel the B&B Defendants to produce copies of appraisals and appraisal files of the subject property prepared for clients not involved in this case. This Court granted the motion on September 5, 2013 ("Order") rejecting the B&B Defendants' arguments that the requested appraisals were not discoverable because they are confidential under federal law and irrelevant to this action. (Docket # 49.) This Court concluded that the protective order addresses the B&B Defendants' confidentiality concerns, and that the B&B Defendants' relevance concerns were more properly reserved for cross-examination or arguments about the weight of the evidence. (*Id*. at 3-5.)

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), this Court awarded attorney's fees to Plaintiff for the preparation of the Motion to Compel. In accordance with the Order, Plaintiff filed an affidavit for an award of expenses on September 18, 2013. (Docket #51) On September 20, 2013, the B&B Defendants filed an objection to the reasonableness of the requested fee award, and a motion for reconsideration of the Court's Order to the extent it awarded Plaintiff its reasonable expenses. (Docket #53).

## II. Motion to Reconsider

### A. Governing Law

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *Van Skiver*

*v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nevertheless, "motions for reconsideration are routinely entertained in one form or another, by federal courts." *United States of America v. RK Specialities, Inc.*, 2012 WL 3264296, *1 (D. Colo. Aug. 10, 2012) (unpublished). The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). The B&B Defendants do not identify which bases upon which they rely for their motion; therefore, because there appear to be no indications that (1) or (2) apply, the Court will construe their arguments under the third basis.

### B.  Analysis

As an initial matter, the Court reminds the parties that an attorney's fee is mandatory under Rule 37(a)(5)(A) upon the granting of a motion to compel, unless one of the following exceptions applies: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. The B&B Defendants contend that exceptions (ii) and (iii) apply here.

The B&B Defendants argue that their nondisclosure of the appraisals was substantially justified under Rule 37(a)(5)(A)(ii) because protecting client confidences is required by the Uniform Standards of Professional Appraisal Practice ("USPAP"). (Docket #53, pp. 3-5.) The Court already rejected this argument in its Order compelling discovery, explaining that the protective order

3

addresses the confidentiality concerns contemplated by USPAP, and the B&B Defendants did not contend that the requested appraisals fell outside the scope of the protective order. Thus, the "substantially justified" exception for an award of expenses under Rule 37(5)(A)(ii) does not apply here.

The B&B Defendants also contend that "other circumstances make an award of expenses unjust" under Rule 37(a)(5)(A)(iii) because Plaintiff's document production was untimely. Apparently, Plaintiff did not produce documents to which it referred in its initial disclosure because it was awaiting entry of the protective order. The B&B Defendants allege that Plaintiff wrongfully withheld the documents, which were not confidential and were eventually disclosed before the protective order was entered. They also claim that Plaintiff should have provided a privilege log or redacted documents for any documents it claims should be subject to the protective order.

Plaintiff responds that the production of documents was delayed pending entry of a protective order to minimize costs inherent with redacting the large amount of confidential information they contained. According to Plaintiff, when the B&B Defendants sent an email questioning the timeliness of Plaintiff's disclosures, Plaintiff disclosed the documents within seven days.

First, I do not believe one has anything to do with the other; my ruling was based on law and not equity. Second, the B&B Defendants do not attach any exhibits supporting their allegations of untimeliness, and the record does not contain the documents to which they refer. Additionally, the record reflects that these Defendants did not file a motion to compel production of the documents they now claim were wrongfully withheld, nor did they file a motion for sanctions or other relief. Thus, the "other circumstances" exception for an award of expenses under Rule 37(5)(A)(iii) does not apply here.

Because I find that none of the exceptions afforded under Rule 37(5)(A) apply, and, thus, the case presents no clear error or manifest injustice, the Motion to Reconsider is denied.

### III. Award of Expenses

This Court has awarded Plaintiff its reasonable attorney's fees for the preparation of the Motion to Compel (docket #49, pp. 5-6); therefore, Plaintiff's Motion for Award of Expenses Incurred Regarding Defendant's [sic] Motion to Compel is moot.[1] However, the Court will consider Plaintiff's supporting affidavit, which complies with D.C. Colo. LCivR 54.3 and the Court's Order.

Plaintiff submits that its counsel incurred $4,084.00 in attorney's fees and $237.32 in costs. The B&B Defendants object on multiple grounds. Consistent with Rule 37(a)(5)(A), and the Court's Order, the Court will award only reasonable expenses incurred in preparing the motion. The Court's rulings on the particulars of Plaintiff's fee request are as follows:

1. The Court sustains the objection to the $997.50 charge for drafting a reply brief. The drafting occurred on September 6, 2013, a day after the Court's Order was issued. Although the Plaintiff explains that the Order was not served via ECF Notice of Electronic Filing until 2:57 p.m. on September 6, 2013, (*see* docket # 55-1), the Court never received nor considered the reply brief in adjudicating the motion to compel. Pursuant to D.C. Colo. LCivR 7.1, the Court may rule on a motion any time after if it is filed. Because the Court ruled on the Motion to Compel before the reply brief was filed, the fees incurred in drafting the reply were not necessary for the preparation of the motion pursuant to Rule 37(a)(5)(A).

2. The Court sustains in part the objection to the $142.50 charge for an alleged thirty-minute email correspondence on September 9, 2013. (Exhibit C; Docket #53-3). The two emails

---

[1] For future reference, once the Court makes an award of fees, the prevailing party need only file an affidavit supporting reasonable fees, but not a separate motion, as directed by the September 5, 2013 Order at pp. 5-6.

between Plaintiff's counsel and Defense counsel are each two sentences, and could have been drafted in mere minutes. *See id.* Thus, the Court finds that thirty minutes is an unreasonable amount of time for counsel to charge for the correspondence, but that six minutes, a $28.50 charge, is reasonable.

3. The Court sustains the objection to the $427.50 in fees incurred in drafting the present motion. Rule 37(a)(5)(A) only requires an award of "reasonable expenses incurred in making the [Motion to Compel.]" The Order did not award additional expenses incurred in preparing the affidavit or present motion.

4. The Court overrules the objection to the paralegal's work. There is no indication that the paralegal's time spent reviewing and revising the Motion to Compel was an ethical violation; a paralegal's duties may include reviewing substantive work for formatting, typographical and grammatical errors, or citation accuracy. The B&B Defendants provide no legal support to the contrary.

5. The Court finds that the fees and costs contained in Plaintiff's affidavit are otherwise reasonable.

## IV. Conclusion

The Court orders as follows:

1. The Motion to Reconsider is **denied**;

2. The Motion for Award of Expenses is **denied as moot**;

3. The B&B Defendants shall pay Plaintiff's counsel $2,832.32 within thirty (30) days of the date of this order. Counsel for the B&B Defendants shall file a Notice of Compliance with this order within three (3) days of payment.

Dated at Denver, Colorado, this 9th day of October, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge