IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-03145-PAB-MEH

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for AmTrust Bank,

    Plaintiff,

v.

TERRANCE G. BROOM, an individual,
B&B APPRAISAL, INC., a Colorado corporation,
JOSEPH S. PACE, an individual,
JSP PROPERTIES AND APPRAISAL, a Colorado company, and
Does 1 through 40, inclusive,

    Defendants.

## ORDER

    This matter is before the Court on the Stipulation of Dismissal [Docket No. 123] filed jointly by plaintiff and defendants. The stipulation states that the parties have entered into settlement agreements and, as a result, stipulate to the dismissal of this case with prejudice. Docket No. 123 at 2. The Court finds the terms of dismissal proper and will dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

    The parties request that the Court retain jurisdiction to enforce the settlement agreements. This Court's Practice Standards state that, "[e]xcept in extraordinary circumstances, the Court will not retain jurisdiction . . . over cases that have been settled. . . . Any . . . stipulation for dismissal requesting that the Court retain jurisdiction after dismissal shall explain in detail the extraordinary circumstances necessitating such

an approach." Practice Standards (Civil cases), Judge Philip A. Brimmer § I.H.5.  The Court has previously interpreted the settlement agreement in the context of resolving a dispute between the parties.  See Docket No. 119.  Thus, although the stipulation itself does not contain the necessary detail, the Court finds that, under the circumstances, it is appropriate to retain jurisdiction to enforce the settlement agreements between the parties.  See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (providing that, when an action is dismissed pursuant to Rule 41(a)(2), a court can retain jurisdiction over the a settlement agreement so long as the decision to do so is "set forth in the order").  It is therefore

**ORDERED** that this case is dismissed with prejudice in its entirety, with each party to bear its or his own attorneys' fees and costs.  The Court will retain jurisdiction to enforce the settlement agreements between the parties.

DATED September 18, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge